UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**NEXSTAR MEDIA, INC., FOR THEIR STATION KDVR-TV/KWGN-TV**,

*Petitioner*,

vs.

**NATIONAL LABOR RELATIONS BOARD**,

*Respondent*.

Case No.: _____

**Board Case No.:** 27-CA-342708



**PETITION FOR REVIEW**

Petitioner Nexstar Media, Inc., For Their Station KDVR-TV/KWGN-TV ("Nexstar"), hereby petitions this Honorable Court for review of the Decision and Order of the National Labor Relations Board ("Board" or "NLRB") in NLRB Case No. 27-CA-342708, finding that Nexstar violated Sections 8(a)(1) and (1) of the National Labor Relations Act ("Act"), 29 *U.S.C.* § 158(a)(1) & (5). The Board's Decision and Order was entered on December 16, 2024, and entered as 374 NLRB No. 5. A true and correct copy of the Board's Decision and Order is attached hereto as Exhibit A.

12141790v1

This petition is filed pursuant to 29 *U.S.C.* § 160(f). This Court has jurisdiction because the Board's Decision and Order is a final order within the meaning of 29 *U.S.C.* § 160(f), and Nexstar is an aggrieved party.

Venue is proper in this Court pursuant to 29 *U.S.C.* § 160(f) because Nexstar transacts business and maintains facilities within the geographical boundaries of this Circuit.

**WHEREFORE**, Petitioner contends that the Board's Decision and Order is contrary to law and therefore requests that this Court grant the petition for review and set aside the Decision and Order of the Board finding that Petitioner violated Sections 8(a)(1) and (5) of the Act and ordering Nexstar to comply with the Board's remedial order. Nexstar further requests that this Court grant any further relief as it deems just, equitable, and proper.

Respectfully submitted this 20th day of December 2024.

>　　　*/s/ Dean Kpere-Daibo*
> Hunter Johnson
> Texas Bar No. 10753900
> **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
> 100 Crescent Court, Suite 700
> Dallas, Texas 75201
> Tel. (214) 646-8625
> Email: hjohnson@constangy.com
>
> Dean Kpere-Daibo
> **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
> 680 Craig Road, Suite 400
> St. Louis, Missouri 63141
> Tel. (314) 338-3740
> Email: dkdaibo@constangy.com
>
> *Counsel for Petitioner Nexstar Media, Inc., For Their Station KDVR-TV/KWGN-TV*

# CERTIFICATE OF INTERESTED PERSONS

*No. 24-\_\_\_\_, Nexstar Media, Inc., For Their Station KDVR-TV/KWGN-TV v. National Labor Relations Board*

The undersigned counsel of record certifies that the following listed persons and entities as described in *5th Cir. R.* 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Petitioner Nexstar Media, Inc.'s parent corporation in Nexstar Media Group.

2. Constangy, Brooks, Smith & Prophete, LLP is Counsel for Petitioner.

3. Hunter Johnson is Counsel for Petitioner.

4. Dean Kpere-Daibo is Counsel for Petitioner.

5. Respondent National Labor Relations Board is a federal agency.

6. Matthew S. Lomax is the Regional Director for Region 27 of the National Labor Relations Board, a federal agency.

7. Jennifer Abruzzo is the General Counsel for the National Labor Relations Board.

8. Isabel C. Saveland is Counsel for the General Counsel.

9. National Association of Broadcast Employees & Technicians – Communications Workers of America, AFL-CIO is the Charging Party.

12141790v1

10. Judiann Chartier is General Counsel for the Charging Party.

Dated: December 20, 2024

                                                _____*/s/ Dean Kpere-Daibo*_____
                                                Hunter Johnson
                                                Dean Kpere-Daibo
                                                *Counsel for Petitioner Nexstar Media, Inc.*
                                                *For Their Station KDVR-TV/KWGN-TV*

12141790v1

## CERTIFICATE OF SERVICE

I certify that on December 20, 2024, I electronically filed the foregoing *Petition for Review* with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and a true and correct copy of the foregoing Petition for Review, inclusive of attachments, was served *via* electronic mail and Federal Express delivery on:

> Matthew S. Lomax, Regional Director
> Isabel C. Saveland, Counsel for the General Counsel
> National Labor Relations Board
> Byron Rogers Federal Office Building
> 1961 Stout Street, Suite 13-103
> Denver, Colorado 80294
> Email: Isabel.Saveland@nlrb.gov

A true and correct copy of the foregoing Petition for Review, inclusive of attachments was served *via* Federal Express delivery on:

Jennifer Abruzzo, General Counsel
National Labor Relations Board
1015 Half Street SE
Washington, D.C. 20570-001

In addition, and in accordance with 29 *C.F.R.* § 101.14, Petitioner will ensure the National Labor Relations Board receives, by service upon Counsel for the General Counsel, a court-stamped copy of the Petition with the date of filing.

12141790v1

I further certify that on December 20, 2024, a true and correct copy of the foregoing Petition for Review, inclusive of attachments, was served *via* electronic mail and Federal Express delivery on:

> Judiann Chartier, General Counsel
> National Association of Broadcast Employees &
> Technicians – Communications Workers of America,
> AFL-CIO
> 501 Third Street NW
> Washington, D.C. 20001
> Email: jchartier@cwa-union.org

_____/s/ Dean Kpere-Daibo_____
Hunter Johnson
Dean Kpere-Daibo
*Counsel for Petitioner Nexstar Media, Inc.*
*For Their Station KDVR-TV/KWGN-TV*

NOTICE: This opinion is subject to formal revision before publication in the bound volumes of NLRB decisions. Readers are requested to notify the Executive Secretary, National Labor Relations Board, Washington, D.C. 20570, of any typographical or other formal errors so that corrections can be included in the bound volumes.

**Nexstar Media Group, Inc., for their Station, KDVR-TV/KWGN-TV** *and* **National Association of Broadcast Employees & Technicians–Communications Workers Of America, AFL–CIO.** Case 27–CA–342708

December 16, 2024

DECISION AND ORDER

BY CHAIRMAN MCFERRAN AND MEMBERS PROUTY AND WILCOX

This is a refusal-to-bargain case in which Nexstar Media Group, Inc., for their station, KDVR-TV/KWGN-TV (the Respondent)[1] is contesting the Union's certification as bargaining representative in the underlying representation proceeding. Pursuant to a charge filed on May 21, 2024, by the National Association of Broadcast Employees & Technicians—Communications Workers of America, AFL–CIO (the Union), the General Counsel issued a complaint on July 17, 2024, amended on August 26, 2024, alleging that the Respondent has violated Section 8(a)(5) and (1) of the Act by failing and refusing to recognize and bargain with the Union following the Union's certification in Case 27–RC–333229. (Official notice is taken of the record in the representation proceeding as defined in the Board's Rules and Regulations, Secs. 102.68 and 102.69(d). *Frontier Hotel*, 265 NLRB 343 (1982).) The Respondent filed an answer, thereafter amended, admitting in part and denying in part the allegations in the complaint and asserting affirmative defenses.

On September 13, 2024, the General Counsel filed a Motion for Summary Judgment. On October 2, 2024, the Board issued an Order Transferring the Proceeding to the Board and a Notice to Show Cause why the motion should not be granted. On October 16, 2024, the Respondent filed an Opposition to the General Counsel's Motion for Summary Judgment.

The National Labor Relations Board has delegated its authority in this proceeding to a three-member panel.

Ruling on Motion for Summary Judgment

The Respondent admits that it has refused to bargain but asserts that it has no duty to bargain and contests the validity of the Union's certification of representative based on its objections to the election in the underlying representation proceeding and its contention, raised and rejected in the underlying proceeding, that the bargaining unit includes statutory supervisors and improperly excludes certain employees.[2]

All representation issues raised by the Respondent were or could have been litigated in the prior representation proceeding. The Respondent does not offer to adduce at a hearing any newly discovered and previously unavailable evidence, nor has it established any special circumstances that would require the Board to reexamine the decision made in the representation proceeding. We therefore find

---

[1] We have corrected the Respondent's name to conform to the name used in the representation proceeding.

[2] In its answer to the complaint, as amended, the Respondent denies the paragraphs alleging the appropriateness of the bargaining unit, the Union's status as the unit employees' exclusive collective-bargaining representative, that it has violated the Act, and that its unfair labor practices affect commerce. It admits, however, that it has refused to bargain with the Union to test its certification and claims that in the underlying representation proceeding its objections were improperly overruled; its objections warranted a hearing; and certain unit employees should have been included in the unit. Because those issues were fully litigated and resolved in the underlying representation proceeding, we conclude that the Respondent's denials of the allegations in pars. 5, 6(e), 8, and 9 of the complaint do not raise any issues warranting a hearing.

The Respondent's answer also advances additional affirmative defenses, including that the Board members and the Board's administrative law judges are unconstitutionally insulated from removal because the President does not have unfettered power to remove them, in violation of Article II of the Constitution. The Respondent's opposition to the Motion for Summary Judgment does not, however, offer any explanation or evidence to support these bare assertions. We therefore find them insufficient to warrant denial of the General Counsel's Motion for Summary Judgment. See, e.g., *Sysco Central California, Inc.*, 371 NLRB No. 95, slip op. at 1 fn. 1 (2022); *Station GVR Acquisition, LLC d/b/a Green Valley Ranch Resort Spa Casino*, 366 NLRB No. 58, slip op. at 1 fn. 1 (2018) (citing cases), enfd. sub nom. *Operating Engineers Local 501 v. NLRB*, 949 F.3d 477 (9th Cir. 2020).

In addition to finding them unsupported, we also find no merit to these constitutional claims. With regard to the Respondent's challenge to Board members' insulation from presidential control, binding Supreme Court precedent forecloses it. See *SJT Holdings, Inc.*, 372 NLRB No. 82, slip op. at 1–2 (2023) (citing *Humphrey's Executor v. United States*, 295 U.S. 602 (1935) (Federal Trade Commission Act's restriction on President's removal power of FTC commissioners held constitutionally valid)). Also insufficient to warrant denial of the General Counsel's Motion for Summary Judgment is the Respondent's one-sentence argument that the Board's administrative law judges are unconstitutionally insulated from removal. See, e.g., *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1133–1136 (9th Cir. 2021) (rejecting claim that ALJs are unconstitutionally protected from removal). In any event, there is no evidence that the Respondent suffered any harm from the Board members' and administrative law judges' removal protections. See *SJT Holdings, Inc.*, supra, slip op. at 1 fn. 4 (citing *Collins v. Yellen*, 594 U.S. 220, 257–258 (2021), and *Calcutt v. FDIC*, 37 F.4th 293, 316 (6th Cir. 2022), revd. per curiam on other grounds 598 U.S. 623 (2023)); *K & R Contractors, LLC v. Keene*, 86 F.4th 135, 148–149 (4th Cir. 2023) ("[R]egardless of how we answer the constitutional question presented by the removal provisions, we would be required to deny the petition because K & R has not asserted any harm resulting from the allegedly unconstitutional statutes[.]"). Finally, there is no merit to the Respondent's additional claim that it is entitled to a trial by jury pursuant to the Seventh Amendment. The Supreme Court has considered, and rejected, this contention. *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48–49 (1937).

374 NLRB No. 5

**EXHIBIT A**

that the Respondent has not raised any representation issue that is properly litigable in this unfair labor practice proceeding. See *Pittsburgh Plate Glass Co. v. NLRB*, 313 U.S. 146, 162 (1941). Accordingly, we grant the Motion for Summary Judgment.[3]

On the entire record, the Board makes the following

### FINDINGS OF FACT

#### I. JURISDICTION

At all material times, the Respondent has been a corporation engaged in the operation of television stations, with an office and place of business in Denver, Colorado (the Respondent's facility).

Annually, the Respondent, in conducting its business operations described above, derives gross revenues in excess of $100,000 and purchases and receives at its Denver facility goods and services valued in excess of $5000 directly from points outside the State of Colorado.

We find that the Respondent is an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act and that the Union is a labor organization within the meaning of Section 2(5) of the Act.

#### II. ALLEGED UNFAIR LABOR PRACTICES

##### A. The Certification

Following an election conducted by secret ballot on April 11, 2024, the Regional Director issued a Decision and Certification of Representative in Case 27–RC–333229 on April 29, 2024, certifying the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit:

> All full-time and regular part-time employees in the classifications of Technician, Production (NE); Technician, Director/TD; and Director I, Newscast employed by the Employer at its facility located at 100 East Speer Boulevard, Denver, Colorado, excluding office clerical employees, professional employees, guards, and supervisors, as defined by the Act.

On September 19, 2024, the Board denied the Respondent's request for review of the Regional Director's decision. The Union continues to be the exclusive collective-bargaining representative of the unit employees under Section 9(a) of the Act.

##### B. Refusal to Bargain

About May 17, 2024, the Union, by email, requested that the Respondent provide dates to commence bargaining for the unit. Nevertheless, about May 19, 2024, the Respondent, by email, refused to recognize or bargain with the Union, stating that it would be filing a request for review of the Union's certification. Since about May 19, 2024, and continuing to date, the Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the unit.

We find that the Respondent's conduct constitutes an unlawful failure and refusal to recognize and bargain with the Union in violation of Section 8(a)(5) and (1) of the Act.

### CONCLUSION OF LAW

By failing and refusing since about May 19, 2024, to recognize and bargain with the Union as the exclusive collective-bargaining representative of the employees in the appropriate unit, the Respondent has engaged in unfair labor practices affecting commerce within the meaning of Section 8(a)(5) and (1) and Section 2(6) and (7) of the Act.

### REMEDY

Having found that the Respondent has violated Section 8(a)(5) and (1) of the Act, we shall order it to cease and desist, to bargain on request with the Union and, if an understanding is reached, to embody the understanding in a signed agreement.

To ensure that the employees are accorded the services of their selected bargaining agent for the period provided by law, we shall construe the initial period of the certification as beginning on the date the Respondent begins to bargain in good faith with the Union. *Mar-Jac Poultry Co.*, 136 NLRB 785 (1962); accord *Burnett Construction Co.*, 149 NLRB 1419, 1421 (1964), enfd. 350 F.2d 57 (10th Cir. 1965); *Lamar Hotel*, 140 NLRB 226, 229 (1962), enfd. 328 F.2d 600 (5th Cir. 1964), cert. denied 379 U.S. 817 (1964).

In addition, the General Counsel requests that the Respondent be required to make its employees whole for the lost opportunity to bargain at the time and in the manner contemplated by the Act. To do so would require overruling *Ex-Cell-O Corp.*, 185 NLRB 107 (1970), and outlining a methodological framework for calculating such a remedy. The Board has decided to sever this issue and retain it for further consideration to expedite the issuance of this decision regarding the remaining issues in this case.[4] See *Longmont United Hospital*, 371 NLRB No. 162, slip op. at 2 (2022), enfd. 70 F.4th 573 (D.C. Cir. 2023). The Board will issue a supplemental decision regarding a make-whole remedy at a later date. See *Kentucky River Medical Center*, 355 NLRB 643, 647 fn. 13

---

[3] The Respondent's request that the complaint be dismissed is therefore denied.

[4] In its opposition to the Motion for Summary Judgment, the Respondent opposes the General Counsel's request that the Board overrule *Ex-Cell-O*. Because the issue of compensatory relief will be severed for future consideration, the Respondent's arguments on that matter are no barrier to granting summary judgment. See *Longmont United Hospital v. NLRB*, 70 F.4th 573, 581–582 (D.C. Cir. 2023).

(2010); *Kentucky River Medical Center*, 356 NLRB 6 (2010).[5]

ORDER

The National Labor Relations Board orders that the Respondent, Nexstar Media Group, Inc., for their station, KDVR-TV/KWGN-TV, Denver, Colorado, and its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Failing and refusing to recognize and bargain with the National Association of Broadcast Employees & Technicians—Communications Workers of America, AFL-CIO (the Union) as the exclusive collective-bargaining representative of the employees in the bargaining unit.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) On request, bargain with the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:

> All full-time and regular part-time employees in the classifications of Technician, Production (NE); Technician, Director/TD; and Director I, Newscast employed by the Employer at its facility located at 100 East Speer Boulevard, Denver, Colorado, excluding office clerical employees, professional employees, guards, and supervisors, as defined by the Act.

(b) Post at its facility in Denver, Colorado, copies of the attached notice marked "Appendix."[6] Copies of the notice, on forms provided by the Regional Director for Region 27, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since May 19, 2024.

(c) Within 21 days after service by the Region, file with the Regional Director for Region 27 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C. December 16, 2024

_____
Lauren McFerran,                    Chairman

_____
David M. Prouty,                    Member

_____
Gwynne A. Wilcox,                   Member

(SEAL)    NATIONAL LABOR RELATIONS BOARD

APPENDIX

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

---

[5] Having ordered the customary remedies for test-of-certification cases, we decline to order, in this case, the additional remedies sought by the General Counsel in her Motion for Summary Judgment.

[6] If the facility involved in these proceedings is open and staffed by a substantial complement of employees, the notices must be posted within 14 days after service by the Region. If the facility involved in these proceedings is closed or not staffed by a substantial complement of employees due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notices must be posted within 14 days after the facility reopens and a substantial complement of employees have returned to work, and the notices may not be posted until a substantial complement of employees have returned to work. If, while closed or not staffed by a substantial complement of employees due to the pandemic, the Respondent is communicating with its employees by electronic means, the notice must also be posted by such electronic means within 14 days after service by the Region. If the notice to be physically posted was posted electronically more than 60 days before physical posting of the notice, the notice shall state at the bottom that "This notice is the same notice previously [sent or posted] electronically on [date]." If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

4                  DECISIONS OF THE NATIONAL LABOR RELATIONS BOARD

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

    FEDERAL LAW GIVES YOU THE RIGHT TO

    Form, join, or assist a union

    Choose representatives to bargain with us on your behalf

    Act together with other employees for your benefit and protection

    Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to recognize and bargain with the National Association of Broadcast Employees & Technicians—Communications Workers of America, AFL-CIO (the Union) as the exclusive collective-bargaining representative of our employees in the bargaining unit.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, on request, bargain with the Union and put in writing and sign any agreement reached on terms and conditions of employment for our employees in the following appropriate bargaining unit:

All full-time and regular part-time employees in the classifications of Technician, Production (NE); Technician, Director/TD; and Director I, Newscast employed by the Employer at its facility located at 100 East Speer Boulevard, Denver, Colorado, excluding office clerical employees, professional employees, guards, and supervisors, as defined by the Act.

    NEXSTAR MEDIA GROUP, INC., FOR THEIR STATIONS, KDVR-TV/KWGN-TV

The Board's decision can be found at www.nlrb.gov/case/27-CA-342708 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.

